[770 NYS2d 754]

In the Matter of RICHARD H. CROWE, JR. (Admitted as RICHARD HENDERSON CROWE, JR.), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, January 20, 2004

*Gary L. Casella,* White Plains (*Forrest Strauss* of counsel), for petitioner.

*Banks Shapiro Gettinger Waldinger & Brennan, LLP,* Mt. Kisco (*Timothy J. Brennan* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The petitioner served respondent with a petition containing four charges of professional misconduct. After a hearing, the Special Referee sustained all four charges. The petitioner now moves to confirm the Special Referee's report and to impose such discipline as the Court deems proper. The respondent's counsel has submitted an affirmation requesting that the Court confirm the findings of the Special Referee and limit any sanction imposed to a suspension for an appropriate period of time.

Charge One alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), as established by his conviction for "serious crimes" as defined by Judiciary Law § 90 (4) (d) and 22 NYCRR 691.7 (b).

On or about October 4, 1989, the respondent was convicted, after a jury trial in the United States District Court for the Northern District of Texas, of conspiracy to defraud the United States by impeding the lawful functions of the Internal Revenue Service in collecting income taxes in violation of 18 USC § 371, aiding and assisting in the preparation of a false and fraudulent United States tax return form 1065 in violation of 26 USC § 7206 (2), and aiding and assisting in the preparation of a false and fraudulent United States tax return form 1040 in violation of 26 USC § 7206 (2).

Charge Two alleges that the respondent engaged in conduct that adversely reflects upon his fitness to practice law, in viola-

tion of Code of Professional Responsibility DR 1-102 (a) (6)[1] (22 NYCRR 1200.3 [a] [6]), as established by his conviction of "serious crimes."

Charge Three alleges that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), by virtue of his having failed to report his conviction for serious crimes.

The respondent failed to report his aforementioned conviction to the Appellate Division within 30 days, as required by Judiciary Law § 90 (4) (c).

Charge Four alleges that the respondent engaged in conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (6)[2] (22 NYCRR 1200.3 [a] [6]), by virtue of his having failed to report his conviction of "serious crimes."

In view of the respondent's admissions and the evidence adduced, the Special Referee properly sustained all four charges of professional misconduct. The petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider that he brought this matter to the petitioner's attention himself. He has fully cooperated with the petitioner's investigation and is remorseful. The respondent emphasizes that his criminal conduct was an isolated incident unrelated to the practice of law and that he has, by his incarceration and probationary period, paid his debt to society. He has not practiced law or held himself out as an attorney in all of the years since his conviction. Moreover, the respondent maintains that his failure to report his conviction was merely a mistaken reliance upon the representation of others.

The petitioner has no record of any other disciplinary history regarding this respondent.

In view of the remoteness in time of the underlying events and the fact that the respondent has been suspended from the practice of law since October 18, 2002, he is suspended for an additional year.

---

1. The reference is to the Lawyer's Code of Professional Responsibility as was in effect at the time of the respondent's conviction. It is now Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

2. Now DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

PRUDENTI, P.J., SANTUCCI, ALTMAN, FLORIO and LUCIANO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Richard H. Crowe, Jr., is suspended from the practice of law for a period of one year, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the one-year period upon furnishing satisfactory proof that during the one-year period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), and (3) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Richard H. Crowe, Jr., shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.